# Exhibit B

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW<br><br>**[*REVISED* ~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY SETTLEMENT APPROVAL AS MODIFIED** |

| | |
|---|---|
| 1 | This matter comes before the Court on Plaintiffs' Motion for Preliminary Approval of a Class |
| 2 | Action Settlement with Defendants National Collegiate Athletic Association ("NCAA"), Atlantic |
| 3 | Coast Conference ("ACC"), The Big Ten Conference, Inc. ("Big Ten"), The Big 12 Conference, Inc. |
| 4 | ("Big 12"), Pac-12 Conference ("Pac-12"), and Southeastern Conference ("SEC") (collectively, the |
| 5 | "Defendants") ("Motion"). |
| 6 | WHEREAS, Plaintiffs, on behalf of themselves and the proposed stipulated settlement |
| 7 | classes ("Settlement Classes"), and Defendants, have agreed, subject to Court approval following |
| 8 | notice to the Settlement Classes and a final fairness hearing, to settle the above-captioned matter |
| 9 | ("Lawsuit") upon the terms set forth in the Amended Stipulation and Settlement Agreement between |
| 10 | Plaintiffs and Defendants NCAA, ACC, Big Ten, Big 12, Pac-12, and SEC ("Amended Settlement |
| 11 | Agreement") (attached as Exhibit 1 to the Declaration of Steve W. Berman in Support of Plaintiffs' |
| 12 | Supplemental Brief in Support of Motion for Preliminary Approval of Settlement ("Berman |
| 13 | Supplemental Declaration"), Docket No. 535-1); |
| 14 | WHEREAS, this Court has reviewed and considered the Amended Settlement Agreement |
| 15 | entered into between the parties, the record in this case, and the briefs and arguments of counsel; |
| 16 | WHEREAS, Plaintiffs have applied for an order granting preliminary approval of the |
| 17 | settlement set forth in the Amended Settlement Agreement ("Settlement") and directing notice to the |
| 18 | Settlement Classes (defined in paragraphs 3, 5, 7, and 9, below) in connection with the Amended |
| 19 | Settlement Agreement pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure; |
| 20 | WHEREAS, this Court preliminarily finds, for purposes of settlement only, that the Lawsuit |
| 21 | meets all the prerequisites of Rule 23 of the Federal Rules of Civil Procedure; |
| 22 | WHEREAS, Plaintiffs have presented sufficient information, pursuant to the Federal |
| 23 | Rules, to justify directing notice of the Settlement to the Settlement Classes; |
| 24 | WHEREAS, all defined terms contained herein shall have the same meanings as set forth in |
| 25 | the Amended Settlement Agreement; |
| 26 | NOW, THEREFORE, IT IS HEREBY ORDERED: |
| 27 | 1.      The Court hereby preliminarily approves the Amended Settlement Agreement and the |
| 28 | Settlement set forth therein, finding that it will likely be able to approve the Settlement as fair, |

1 reasonable, and adequate pursuant to Rule 23(e)(2), subject to further consideration at a hearing (the "Fairness Hearing").

2. The Fairness Hearing shall be held before this Court on April 7, 2025, at 10:00 a.m., at the United States District Court for the Northern District of California, Oakland Division, located at 1301 Clay Street, Oakland, CA 94612, to determine whether to approve certification of the Settlement Classes for settlement purposes; whether the proposed Settlement of the Lawsuit on the terms and conditions provided for in the Amended Settlement Agreement is fair, reasonable, and adequate to the Settlement Classes and should be approved by the Court; whether a final judgment should be entered herein; whether the proposed plan of distribution should be approved; to determine the amount of fees and expenses that should be awarded to Class Counsel; and to determine the amount of the service awards that should be provided to the class representatives. The Court may reschedule the Fairness Hearing without further notice to the members of the Settlement Classes. People wishing to access the hearing remotely will be able to do so via Zoom webinar. Instructions for remote access will be posted on the docket, which is available at https://ecf.cand.uscourts.gov, and on the Court's website, which is available at https://www.cand.uscourts.gov/judges/wilken-claudia-cw/.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this Settlement, a Settlement Class as follows, hereinafter referred to as the "Settlement Declaratory and Injunctive Relief Class":

> All student-athletes who compete on, competed on, or will compete on a Division I athletic team at any time between June 15, 2020 through the end of the Injunctive Relief Settlement Term.[1] This Class excludes the officers, directors, and employees of Defendants, and all judicial officers presiding over this action and their immediate family members and staff.

4. The Court designates Grant House, DeWayne Carter, Nya Harrison, Sedona Prince, and Nicholas Solomon as the class representatives for the Settlement Declaratory and Injunctive Relief Class. Class Counsel shall endeavor to have additional class representatives appointed during

---

[1] The Injunctive Relief Settlement Term is the ten (10) Academic Years following the date of Final Approval of the Settlement.

the Injunctive Relief Settlement Term such that there will be at least one college athlete as a representative of the Settlement Declaratory and Injunctive Relief Class for each year of the Injunctive Relief Settlement Term.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court also preliminarily certifies, for purposes of effectuating this settlement, a Settlement Class as follows, hereinafter referred to as the "Settlement Football and Men's Basketball Class":

> All student-athletes who have received or will receive full GIA scholarships and compete on, competed on, or will compete on a Division I men's basketball team or an FBS football team, at a college or university that is a member of one of the Power Five Conferences (including Notre Dame), and who have been or will be declared initially eligible for competition in Division I at any time from June 15, 2016 through September 15, 2024. This Class excludes the officers, directors, and employees of Defendants, and all judicial officers presiding over this action and their immediate family members and staff.

6. The Court designates Tymir Oliver and DeWayne Carter as the class representatives for the Settlement Football and Men's Basketball Class.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this settlement, a Settlement Class as follows, hereinafter referred to as the "Settlement Women's Basketball Class":

> All student-athletes who have received or will receive full GIA scholarships and compete on, competed on, or will compete on a Division I women's basketball team at a college or university that is a member of one of the Power Five Conferences (including Notre Dame), and who have been or will be declared initially eligible for competition in Division I at any time from June 15, 2016 through September 15, 2024. This Class excludes the officers, directors, and employees of Defendants, and all judicial officers presiding over this action and their immediate family members and staff.

8. The Court designates Sedona Prince as the class representative for the Settlement Women's Basketball Class.

9. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this settlement, a Settlement Class as follows, hereinafter referred to as the "Settlement Additional Sports Class":

4

> Excluding members of the Football and Men's Basketball Class and members of the Women's Basketball Class, all student-athletes who compete on, competed on, or will compete on a Division I athletic team and who have been or will be declared initially eligible for competition in Division I at any time from June 15, 2016 through September 15, 2024. This Class excludes the officers, directors, and employees of Defendants, and all judicial officers presiding over this action and their immediate family members and staff.

10. The Court designates Grant House, Nya Harrison, and Nicholas Solomon as the class representatives for the Settlement Additional Sports Class.

11. The Court will refer to the Settlement Declaratory and Injunctive Relief Class, Settlement Football and Men's Basketball Class, the Settlement Women's Basketball Class, and the Settlement Additional Sports Class collectively as the "Settlement Classes." The Court will refer to the Settlement Football and Men's Basketball Class, the Settlement Women's Basketball Class, and the Settlement Additional Sports Class collectively as the "Damages Settlement Classes."

12. The Court designates Hagens Berman Sobol Shapiro, LLP, and Winston & Strawn LLP as Class Counsel for the Settlement Classes.

13. Having found that it will likely be able to approve the Settlement and certify the Settlement Classes for purposes of settlement, the Court hereby directs Plaintiffs to give notice of the Settlement to the Settlement Classes.

14. The Court approves, as modified, as to form and content, the proposed notice forms and other forms, including the Email Notice, Postcard Notice, Long Form Notice, Claim Form, and Press Release, attached as Exhibits 3 to 7, respectively, to the Berman Supplemental Declaration, Docket No. 535, as well as the Digital Notices attached as Exhibit 3 to the Declaration of Carla A. Peak Regarding Settlement Notice Program, Docket No. 450-5 ("Peak Declaration"). The Court further finds the proposed contents of these notices (as modified by the Court), and the proposed plan of notice described in the Peak Declaration, meet the requirements of Federal Rule of Civil Procedure 23 and due process, and are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. The Court's modifications to the email and long-form notices, press release, and claim form are filed concurrently with this order. Those modifications shall be incorporated into the final version of the notices, press release, and

1  claim form before those documents are disseminated to members of the Settlement Classes pursuant
2  to this order. The Court approves the Postcard Notice and Digital Notices without modifications.

3        15. As part of the Class Notice plan described in the Peak Declaration, Defendant NCAA
4  and Defendant Conferences are ordered to direct their member institutions to provide to the
5  Settlement Administrator reasonably ascertainable information regarding the names and last-known
6  contact information (addresses and/or email addresses) of NCAA Division I student-athletes who
7  meet the criteria for one of the Settlement Classes certified above. To the extent that additional
8  student-athlete information is needed to effectuate notice for certain Settlement Classes—including
9  but not limited to NCAA Eligibility Center student identification number, academic years on roster,
10 periods of ineligibility, sport played, position played, grant-in-aid status, and transfer status—
11 Division I member institutions of the NCAA and Defendant Conferences are ordered to provide such
12 information if reasonably ascertainable, along with the names and last-known contact information of
13 student-athletes who satisfy the criteria for one of the Settlement Classes, to the Settlement
14 Administrator. All names and contact information obtained through these sources shall be protected
15 as confidential and not used for purposes other than the notice and administration of this Settlement,
16 or as otherwise ordered by law.

17       16. The Court appoints the firm of Verita Global, LLC ("Settlement Administrator") to
18 supervise and administer the notice procedure as well as the processing of claims as more fully set
19 forth below:

20       a. No later than two weeks after the filing of this Preliminary Approval Order,
21 the Settlement Administrator shall establish a public, case-specific website at the following web
22 address—www.collegeathletecompensation.com—for the settlements in the above-captioned matter
23 and *Hubbard v. NCAA, et al.*, Case No. 4:23-cv-01593-CW (N.D. Cal.). The website shall make
24 available the full version of the Amended Settlement Agreement, the Preliminary Approval Order,
25 the Long Form Notice, and the Claim Form (in both an electronically fillable form and in a format
26 that may be downloaded and/or printed). Additionally, the website shall make available the
27 operative complaint and motions for preliminary and final approval of the Settlement and attorneys'
28 fees and costs (including any supplemental briefing that was filed by the parties in connection

1  therewith); the Court's orders certifying damages and injunctive relief classes prior to the
2  Settlement; the reports of Plaintiffs' economics expert, Dr. Daniel Rascher, that have been filed in
3  this action; information about how members of the Settlement Classes can submit claim forms or
4  supporting documentation to receive payments under the Settlement; and information about the date,
5  time, and location of the Fairness Hearing and instructions for how to access the Fairness Hearing
6  remotely.  Class Counsel shall ensure that the settlement website is updated if the date, time, or
7  instructions for remote access for the Fairness Hearing change.

      b.      Beginning no later than two weeks after the filing of this Preliminary Approval Order (the "Notice Date"), the Settlement Administrator shall commence providing e-mail notice, substantially in the form annexed as Exhibit 3 to the Berman Supplemental Declaration (as modified), to all Settlement Class Members whose email addresses can be identified with reasonable effort;

      c.      Beginning no later than two weeks after the filing of this Preliminary Approval Order, the Settlement Administrator shall commence mailing of the Postcard Notice via the United States Postal Service first-class mail, postage prepaid, substantially in the form annexed as Exhibit 4 to the Berman Supplemental Declaration..

17. The claims period shall commence two weeks after the filing of this Preliminary Approval Order, and shall continue through and including 105 days after the Notice Date.

18. Class Counsel shall file their motion for attorneys' fees, costs, and service awards for the class representatives, and all supporting documentation and papers, by 60 days after the Notice Date.

19. Any person who desires to request exclusion from the Damages Settlement Classes must do so by January 31, 2025 (105 days after the Notice Date), and such request for exclusion shall be in the form of a letter mailed or otherwise delivered to the Settlement Administrator that is postmarked by January 31, 2025, that includes: (1) the person's name, (2) current address, (3) the person's NCAA EC ID number, if available; (4) a sentence stating, "I want to opt out from the damages classes in *In re: College Athlete NIL Litigation*, Case No. 4:20-cv-03919," and (5) the person's signature.  All persons who submit valid and timely requests for exclusion shall have no

7

[REVISED P̶R̶O̶P̶O̶S̶E̶D̶] ORDER GRANTING PLS. MOTION FOR PRELIMINARY SETTLEMENT APPROVAL - NO. 4:20-CV-03919-CW

010912-11/2825871 V1

1 rights under the Amended Settlement Agreement, shall not share in the distribution of the settlement
2 funds, and shall not be bound by the final judgments entered in this litigation.

3       20.    Any member of the Settlement Classes may object in writing to any aspect of the
4 Settlement or to any motion for attorneys' fees and costs filed by Class Counsel for the Settlement
5 Classes. To object, any member of the Settlement Classes must either (1) mail a letter to Class
6 Action Clerk, United States District Court for the Northern District of California, 1301 Clay St.,
7 Oakland, CA 94612, that is postmarked no later than January 31, 2025; or (2) file a letter
8 electronically at https://ecf.cand.uscourts.gov no later than January 31, 2025. The letter must include
9 (1) the objector's full name and address; (2) NCAA ECID number (if available); (3) the case name
10 and number (*In re College Athlete NIL Litigation*, Case No. 4:20-cv-03919-CW (N.D. Cal.)); (4) the
11 reasons for the objection; (5) whether the objector or his or her lawyer (if he or she has one) wishes
12 to be permitted to speak at the Fairness Hearing; and (6) the objector's signature.

13       21.    Any member of the Settlement Classes may attend the Fairness Hearing either
14 remotely or in person at his or her own expense, individually or through counsel of his or her own
15 choice. However, members of the Settlement Classes will not be permitted to speak at the Fairness
16 Hearing unless (1) they filed a timely objection to the Settlement and requested in the objection to be
17 permitted to speak at the Fairness Hearing; and (2) the Court approves the request.

18       22.    All papers in support of the Settlement and responses by Class Counsel regarding
19 objections and exclusions shall be filed and served by 135 Days after Notice Date.

20       23.    All reasonable expenses incurred in identifying and notifying members of the
21 Settlement Classes, as well as administering the Settlement Fund, shall be paid for as set forth in the
22 Amended Settlement Agreement.

23       24.    Neither the Amended Settlement Agreement, nor any of its terms or provisions, nor
24 any of the negotiations or proceedings connected with it, shall be construed as an admission or
25 concession by Plaintiffs or Defendants, respectively, of the truth or falsity of any of the allegations in
26 the Lawsuit, or of any liability, fault, or wrongdoing of any kind.

27       25.    All members of the Settlement Classes are temporarily barred and enjoined from
28 instituting or continuing the prosecution of any action filed subsequent to the filing of the original

version of the Settlement Agreement (Docket No. 450-3), which was filed on July 26, 2024, asserting the claims released in the Amended Settlement Agreement (Docket No. 535-1), until the Court enters final judgment with respect to the fairness, reasonableness, and adequacy of the Amended Settlement Agreement.

26. Any member of the Damages Settlement Classes who does not properly and timely request exclusion, upon final approval of the Amended Settlement Agreement, shall be bound by the terms and provisions of the Settlement so approved, including, but not limited to, the releases, waivers, and covenants set forth in the Amended Settlement Agreement, whether or not such person or entity objected to the Amended Settlement Agreement and whether or not such person or entity makes a claim upon the settlement funds.

27. Within seven days of the date this order is filed, Defendants shall file declarations on the docket attesting that they have provided notice of the Amended Settlement Agreement to the appropriate federal and state officials as required by the Class Action Fairness Act.

| Event | Date |
| --- | --- |
| Notice campaign and claims period begins ("Notice date") | October 18, 2024 |
| Allocation estimate available | December 17, 2024 (60 days after Notice date) |
| Motion for attorneys' fees, reimbursement of litigation expenses, and service awards | December 17, 2024 (60 days after Notice date) |
| Exclusion and objection deadline | January 31, 2025 (105 days after Notice date) |
| Claim period closes | January 31, 2025 (105 days after Notice date) |
| Motion for final approval and response to objections (which shall address the number of opt-out requests, objections, and claims submitted) | March 3, 2025 (135 days after Notice date) |

| | |
|---|---|
| Final Approval Hearing | April 7, 2025, at 10 a.m. (to be held remotely and in person) |

**IT IS SO ORDERED.**

Dated: October 7, 2024

_____
The Honorable Claudia Wilken
United States Senior District Court Judge