# Exhibit C

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HOLLY MCLEAN,

*Plaintiff,*

VS.

CASE NO.: _____

NATIONAL COLLEGIATE
ATHLETIC ASSOCIATION,

*Defendant.*

**PLAINTIFF'S DECLARATION OF IN SUPPORT OF EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

I, Holly McLean, make this declaration in support of the Emergency Motion for a Temporary Restraining Order and Preliminary Injunction filed in this matter and declare under the penalty of perjury that the following is true and correct:

1. I am an international, sophomore women's golf athlete at the University of South Florida.

2. On September 21-23, 2024, I participated in the University of Oklahoma ("OU") Schooner Fall Classic as an individual. I was not selected to participate on OU's five-person team.

3. I was not advised of how my participation in the OU Schooner Fall Classic could impact my eligibility in the future.

4. I had no indication or reason to believe I would not remain as a member of the OU Women's Golf team following my participation at the OU Schooner Fall Classic.

5.  I did not participate in any other competition, as a member of OU's five-person team or as an individual, during the fall 2024 semester.

6.  On November 20, 2024, the OU coaching staff told me that my scholarship would not be honored after the spring 2025 semester, and I would no longer have a spot on the roster.

7.  The OU coaching staff told me the decision to withdraw my scholarship and roster spot was based solely on their anticipation of the new Division I roster size constraints as a result of the NCAA's settlement of the *House v. NCAA*[1] case.

8.  I was devastated to be cut from the OU Women's Golf team due to circumstances entirely outside my control.

9.  I was encouraged to evaluate my options, if any, to transfer to another NCAA Division I institution during the December 1-15, 2024 transfer window.

10. Prior to being cut from the OU Women's Golf team, I had no intention of transferring; OU felt like my home, and I was proud to have successfully balanced my academics and athletics during my time there.

11. I entered the transfer portal because I knew I would not be able to afford my education at OU without my scholarship.

12. Based on advice from my OU coaches, I entered the December 2024 transfer portal. I was told if I waited to evaluate my options to transfer, I would have to compete with even more *House*-related transfers in the future.

13. I was recruited by and offered an athletic scholarship to the University of South Florida, which I accepted on December 23, 2024.

---

[1] *House v. NCAA*, 545 F. Supp. 3d 804 (N.D. Cal. 2021).

14. For the spring 2025 semester, my scholarship at USF is less than a full athletic scholarship due only to the timing of my transfer. I will be eligible for a full athletic scholarship at USF in future years.

15. At the time of my transfer, I did not know I could be ruled athletically ineligible for the spring 2025 season as a result of my participation the previous year's OU Schooner Fall Classic.

16. USF applied for a legislative relief waiver on my behalf as it relates to NCAA Bylaw 14.5.5.2 (the "Competition in Year of Transfer Rule") based on exigent circumstances. I provided a letter of support, attached hereto as **Attachment 1**.

17. The NCAA denied my legislative relief waiver.

18. USF submitted an appeal of this decision on my behalf, which I supported because the season was underway and I was missing competition opportunities due to my ineligibility.

19. On February 12, 2025, the NCAA again denied my waiver, citing a lack of circumstances and facts that warrant relief.

20. Because I have not been eligible to compete this semester, I have suffered irreparable harm to my personal rankings as a college golfer. At the end of the 2023-24 season, I finished in the top 50 in the conference. Because of my ineligibility, I currently have less than one weighted point (0.67) toward NCAA championship qualification for the 2024-25 season. *See* Scoreboard Profile, attached hereto as **Attachment 2**.

21. Competing helps drive my marketability and personal value for name, image, and likeness ("NIL") purposes. Because I have not been eligible to compete, I have not been able to fully engage with the NIL market at USF and Tampa, Florida.

3

22. Because I am currently ineligible to compete, I am falling behind my peers in terms of athletic experience and development as a golfer.

23. If I am not granted emergency and immediate relief, I am likely to lose an entire season of competition, which further compounds the aforementioned injuries.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated on this 19th of February, 2025.

*[signature]*
Holly McLean
Plaintiff

4