# Exhibit E

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HOLLY MCLEAN,

    *Plaintiff,*

VS.                          CASE NO.: _____

NATIONAL COLLEGIATE
ATHLETIC ASSOCIATION,

    *Defendant.*

**DECLARATION OF BRENDAN ARMITAGE IN SUPPORT OF EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

I, Brendan Armitage, make this declaration in support of Plaintiff Holly McLean's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction and declare under the penalty of perjury that the following is true and correct:

1. I am the Senior Associate Athletic Director for Compliance at the University of South Florida.

2. The University of South Florida supports Plaintiff Holly McLean's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction.

3. The fall window for the NCAA Division I Transfer Portal was Sunday, December 1-15, 2024.

4. The transfer portal allows college athletes to declare their interest in transferring to a different member institution.

1

5. On December 1, 2024, Holly McLean ("McLean"), a women's golf student-athlete at the University of Oklahoma, requested a notice of transfer. *See* McLean's Transfer Portal Tracer, attached hereto as **Attachment 1**.

6. The following day, December 2, 2024, McLean officially entered the transfer portal. *Id.*

7. The University of South Florida promptly began its recruitment of McLean. During this recruitment, USF coaches and compliance staff evaluated McLean's academic good standing, progress-toward-degree requirements, and the needs of the USF Women's Golf team.

8. McLean was offered an athletic scholarship beginning in the spring 2025 semester. She signed with the University of South Florida on December 23, 2024. *Id.*

9. USF initiated a transfer tracer for McLean, which was completed on January 14, 2025. *Id.*

10. McLean was in academic good standing at the time of her transfer to USF and has maintained her academic eligibility while at USF.

11. McLean and USF followed all necessary NCAA procedures for her transfer.

12. Because McLean participated as an individual in one, nonchampionship segment event while at OU in the fall 2024 semester, USF proactively applied for a legislative relief waiver on behalf of McLean as it relates to NCAA Bylaw 14.5.5.2 (the "Competition in Year of Transfer Rule") based on exigent circumstances, attached hereto as **Attachment 2**.

13. The NCAA denied McLean's legislative relief waiver was denied on January 31, 2025. Attached hereto as **Attachment 3** is a true and correct copy of the formal NCAA Decision.

14. To the best of my knowledge, understanding, and reasonable belief there is no NCAA case precedent that would support the unique circumstances of McLean's transfer because her transfer was precipitated by the *NCAA v. House*[1] settlement terms.

15. USF submitted an appeal of this decision on February 3, 2025, attached hereto as **Attachment 4**.

16. On February 12, 2025, the NCAA again denied McLean's request for legislative relief, citing a lack of circumstances and facts that warrant relief. Attached hereto as **Attachment 5** is a true and correct copy of the formal NCAA Decision.

17. In NCAA Division I golf, the only possible relief from Bylaw 14.5.5.2 is the legislative waiver as submitted by McLean and USF.

18. There are other instances within the NCAA Bylaws, such as exemptions created for football and men's wrestling, in which an athlete may be granted relief from eligibility bylaws based on their circumstances. For example, Bylaw 12.8.3.1.6 allows football athletes to compete in up to four contests during any year of eligibility without implicating a season of competition. *See* **Attachment 6**, which is a copy of the 2024-25 NCAA Division I Manual.

19. No such exemption exists for McLean's circumstances or for Bylaw 14.5.5.2 in general.

20. McLean has exhausted all NCAA administrative procedures for relief.

21. In addition to being barred from competition in the spring 2025 semester under Bylaw 14.5.5.2, per NCAA Division I Bylaw 12.8.3.1, McLean is considered as having "exhausted" one full year of eligibility.

I declare under the penalty of perjury that the foregoing is true and correct.

---

[1] *House v. NCAA*, 545 F. Supp. 3d 804 (N.D. Cal. 2021).

3

Dated on this 19th of February 2025.

_____
Brendan Armitage
USF Senior Associate Athletic Director for Compliance