# Exhibit G

CASE ID:     1236989

RE: Request for Reconsideration for Immediate Eligibility – Holly McClean

To Whom It May Concern,

The University of South Florida ("USF"), through its Office of General Counsel, formally submits this request for reconsideration of the NCAA's January 30, 2025 denial of the Legislative Relief Waiver submitted for student-athlete Holly McClean ("McClean"). Due to an imminent competition, USF seeks an expedited reconsideration of the decision and the immediate grant of eligibility for competition in the Spring 2025 season, effective February 1, 2025.[1]

## **BACKGROUND**

McClean is a former University of Oklahoma ("OU") women's golf student-athlete. In the Fall 2024 semester, specifically September 21-23, McClean played as an *individual* in a non-championship segment competition, OU's Fall Classic. OU Women's Golf relies on its Fall Classic as an opportunity for everyone to have a chance to participate in the fall. McClean's individual performance did not count toward a team score.

Two months later, on November 20, the OU coaching staff notified McClean and others that their scholarships would not be honored as of the Spring 2025 semester and beyond. *See* Exhibit A, OU's Letter of Support. This decision was based solely on the OU coaches' anticipation of new roster size constraints following implementation of the *House* settlement. *Id*. McClean played no role in the decision making of her release from OU. *Id*. She was not the subject of any team rule violations, conduct issues, or academic shortcomings. In fact, OU's athletic administration advised McClean that they were making this decision in advance of the fall transfer window so that the student-athletes, like McClean, would have the best chance to find a new home. *Id*. (stating that "[McClean's decision to transfer was not in her control and [OU] is in full support of her being granted immediate eligibility for the Spring 2025 semester").

Relying on advice that she should get ahead of a possible wave of transfers, McClean found her new home at USF. She arrived academically eligible for competition and compliant with all progress-toward-degree requirements. On behalf of McClean, on January 21, 2025, USF sought legislative relief for immediate eligibility. USF did so with the support of OU. *See* Exhibit B, McClean Transfer Documentation; *see also* Exhibit C, Jason Leonard email (stating that "our stance, in this instance, is that [supporting McClean's immediate eligibility for the Spring 2025 semester] is in the best interest of the student athlete.") However, this waiver was denied yesterday on the basis of prior case precedent and an apparent miscommunication.[2]

---

[1] USF Women's Golf begins its Spring 2025 competition season tomorrow, February 1, 2025, at the University of Central Florida. USF and McClean seek immediate relief in effort to allow her the opportunity to compete effective immediately.

[2] In a January 31, 2025 phone conversation with case manager, Matisen Ingle, Ingle stated that the decision was based on the understanding that McClean had the choice to maintain a spot on OU's roster. However, per a January 29, 2025 email from Jason Leonard, OU's Executive Director of Athletics Compliance, McClean was told she "would not have a roster spot for the 2025-26 academic year." *See* Exhibit C.

## ARGUMENT

The denial of McClean's eligibility contradicts the NCAA's own stated principles of fairness, student-athlete welfare, and reasonable application of its transfer eligibility rules. The circumstances surrounding this case are extraordinary and do not align with typical case precedent. Here, the NCAA's rigid application of the transfer competition rule creates in an arbitrary and inequitable outcome that unjustly penalizes McClean for factors beyond her control. An expedited reconsideration of the decision to deny McClean's waiver must consider the following:

(1) McClean's only competitive performance in the fall 2024 semester was not used for NCAA championship qualification or consideration;

(2) the denial fails to consider unique and important exigent circumstances, not yet contemplated by existing case precedent; and

(3) denying McClean's waiver under these circumstances imposes a disproportionate hardship and is inconsistent with the NCAA's purported commitment to student-athlete welfare.

Considering these factors, the NCAA should grant McClean immediate eligibility for competition in the Spring 2025 season, effective February 1, 2025.

### I.    McClean's Fall 2024 performance for OU is unrelated to any NCAA championship qualification or consideration.

Bylaw 14.5.5.2 states that "a transfer student from a four-year institution who satisfies the applicable four-year college transfer requirements shall not be eligible for competition in which the student-athlete's performance <u>could be used for NCAA championship qualification or consideration</u> if the student-athlete participated in competition at the previous four-year institution in the same sport in which the student-athlete's performance could have been used for NCAA championship qualification or consideration." (<u>emphasis added</u>).

Here, McClean performed at the OU Fall Classic on September 21-23, 2024, as an individual. She entered the Fall 2024 season, and the Fall Classic, with every hope and intention of competing with OU Women's Golf for her entire collegiate career. It wasn't until two months after the competition that OU notified her that she was going to be a "casualt[y]" of the institution's proactive effort to satisfy NCAA roster limits due to the *House* settlement. *See* Exhibit D, McClean's Personal Statement. Given the timing of this decision by the institution, McClean was never afforded the opportunity to fully evaluate any potential implications related to her participation in 2024 OU Fall Classic.

Nevertheless, McClean's performance is the Fall Classic should not impede her ability to compete for USF this spring. Most importantly, McClean's performance is not the type contemplated by Bylaw 14.5.5.2. McClean competed in a singular non-championship segment competition as an individual. Nothing about her performance contributed to, supported, or impacted OU's NCAA championship qualification or consideration.

For this reason alone, McClean should be granted immediate eligibility to compete for USF as soon as February 1, 2025.

**II.    The denial of McClean's waiver fails to consider important exigent circumstances.**

The basis of McClean's denial cannot stand on existing case precedent. McClean is an early, but certainly not last, victim of an institution's attempt to navigate a post-*House* environment. The present issue will undoubtedly playout in the National Office as well as possibly courts.

The NCAA states its decision to grant or deny a legislative relief waiver under 14.5.5.2 including whether "an applicant institution can demonstrate extenuating or extraordinary circumstances that necessitates waiving the application of the competition in year transfer rule." *See* Case No. 1088693. Here, McClean was told by her head coach at OU that "due to the House lawsuit roster size restriction for women's golf, [McClean] would not have a roster spot." *See* Exhibit C. This is an extenuating and extraordinary circumstance for which McClean had no input or control.

McClean did not decide to transfer for academic reasons (*see* Case No. 1085321), nor did she decide OU was no longer a fit for her personal well-being, academic, or athletic needs (*see* Case. 1088693, 1154628); in fact, McClean said, "OU felt like it could be home" and was a place "where [she] could balance academics and athletics, challenge [herself] and grow." *See* Exhibit D. Ultimately, McClean's only option upon being removed from the OU women's golf program was to transfer so she could continue to afford her education. *Id*.

Instead, McClean's circumstances are more akin to Case No. 1176366. There, a student-athlete was granted immediate eligibility after being "forced to transfer" due to Institution No. 1's decision for the program to undergo a significant transition. The NCAA analyzed four key factors in its approval of the student-athlete's immediate eligibility: (1) the student-athlete's transfer status; (2) the "but-for context that supported the student-athletes transfer from Institution No. 1 to Institution No. 2"; (3) the student-athlete's academic good standing; and (4) institutional support of the student-athlete's immediate eligibility. McClean's situation satisfies each of these factors. First, she has satisfied all requirements for her transfer. Second, the "but-for context" that forced her transfer was entirely outside of her control. Third, she was in, and remains in, academic good standing. Finally, to support the assertion that these are exigent circumstances, both institutions, USF and OU, submitted documentation to substantiate this appeal. OU provided multiple formal statements offering full support of McClean being granted immediate eligibility.

Further, McClean provided a personal statement describing the financial hardship and toll this unilateral decision has taken on her. USF has provided all necessary documentation, including a complete verification of McClean's good academic standing and compliance with all NCAA transfer requirements.

For these reasons, McClean's exigent circumstance require immediate reconsideration and an award of immediate eligibility to compete for USF as soon as February 1, 2025.

### III.    Denial of McClean's waiver creates disproportionate hardship and is inconsistent with the NCAA's purported commitment to student-athlete welfare.

The unforgiving application of the competition-in-year-of-transfer rule fails to consider not only the involuntary nature of McClean's transfer and the involved institution's efforts to honor NCAA compliance while also implementing proactive efforts to remain in said compliance, but also the NCAA's purported commitment to the student-athlete experience. This case highlights broader concerns regarding the NCAA's application of eligibility rules in light of the *House* settlement's impact on roster management. The NCAA has repeatedly emphasized that its regulatory framework must evolve to ensure fairness and flexibility in an era of unprecedented change in collegiate athletics. Denying McClean immediate eligibility in this instance establishes a troubling precedent that fails to account for the realities imposed by new legal and regulatory constraints on roster sizes.

### CONCLUSION

Accordingly, we urge the NCAA to reconsider its decision in this case and grant McClean immediate eligibility for the Spring 2025 season, effective as soon as February 1, 2025. Failure to do so would constitute an unjustifiable deprivation of opportunity and would call into question the association's ability to equitably administer transfer policies in this new regulatory landscape.

We appreciate your prompt and thorough review of this appeal.

Sincerely,

_____
Joel Londrigan
Chief Regulatory Counsel
University of South Florida

# EXHIBIT A

# OKLAHOMA

## DEPARTMENT OF INTERCOLLEGIATE ATHLETICS

Hannah Delph
University of South Florida Athletics
4204 E. Fowler Ave., ATH 100
Tampa, FL 33620

RE: Holly McLean – Former Women's Golf Student-Athlete / University of Oklahoma

Dear Hannah -

Holly McLean (Holly) was a member of the Women's Golf (WGO) program at the University of Oklahoma (Oklahoma) beginning Fall 2023 through the conclusion of Fall 2024. As Oklahoma internally prepares for the implementation of roster caps in the 2025-2026 academic year (because of the House settlement), our head women's golf coach, with the support of administration, opted to make those student athletes on her roster for whom she would not have a spot in the next academic year aware of the same. It was thought that alerting the student athletes prior to WGO's December transfer portal window would allow the affected athletes time and opportunity to find a new institution.

Although Holly participated in the Fall non-championship segment, the University of Oklahoma understands that her decision to transfer was not in her control and is in full support of her being granted immediate eligibility for the Spring 2025 semester.

If any additional information is needed, we will be happy to provide it.

Sincerely,

Jason Leonard
Executive Director of Athletics Compliance
University of Oklahoma



# EXHIBIT B



# UNIVERSITY OF SOUTH FLORIDA
## Athletics

1/21/2025

To Whom It May Concern:

This letter is to verify that **Holly McLean,** a current member of the **Women's Golf** team at the University of South Florida, is eligible for competition upon transfer from her previous institution. Based on her semesters of enrollment, Holly needed to present at least a 1.8 GPA and have 24 transferrable hours. At the time of enrollment, Holly's transferrable GPA is a 2.51 with 40 transferrable hours. She is meeting NCAA academic requirements and progress-toward-degree requirements to be academically eligible for competition, should her waiver be approved. Further, Holly left her previous institution eligible and would have been academically eligible to participate had she remained.

If you have any additional questions, please contact me via email at joellen@usf.edu.


Sincerely,



JoEllen Rhome
Associate Athletics Director | Academics
University of South Florida Athletics





# UNIVERSITY OF SOUTH FLORIDA
### Athletics

1/21/2025

To Whom It May Concern:

This letter is to verify that **Holly McLean,** a current member of the **Women's Golf** team at the University of South Florida, is eligible for competition upon transfer from her previous institution. At the time of enrollment and the start of her fourth full-time semester, Holly's transferrable GPA is a 2.51 and she has 40 transferrable hours, all of which are considered degree-applicable. She is meeting NCAA academic requirements and progress-toward-degree requirements to be academically eligible for competition, should her waiver be approved. Further, Holly left her previous institution eligible and would have been academically eligible to participate had she remained.

If you have any additional questions, please contact me via email at joellen@usf.edu.

Sincerely,

JoEllen Rhome
Associate Athletics Director | Academics
University of South Florida Athletics



**Docusign**

## Certificate Of Completion

| | | |
|---|---|---|
| Envelope Id: 23DDE707-E5CA-4905-B2DE-EBC376EE8FEF | | Status: Completed |
| Subject: Complete with Docusign: Academic Statement - McLean.docx | | |
| Source Envelope: | | |
| Document Pages: 1 | Signatures: 1 | Envelope Originator: |
| Certificate Pages: 1 | Initials: 0 | JoEllen Rhome |
| AutoNav: Enabled | | 4202 E Fowler Ave |
| EnvelopeId Stamping: Enabled | | Tampa, FL  33620 |
| Time Zone: (UTC-05:00) Eastern Time (US & Canada) | | joellen@usf.edu |
| | | IP Address: 131.247.53.36 |

## Record Tracking

| | | |
|---|---|---|
| Status: Original | Holder: JoEllen Rhome | Location: DocuSign |
| 1/22/2025 4:17:27 PM | joellen@usf.edu | |

| Signer Events | Signature | Timestamp |
|---|---|---|
| JoEllen Rhome | DocuSigned by: *JoEllen Rhome* DD8BE06013AA41E... | Sent: 1/22/2025 4:18:12 PM |
| joellen@usf.edu | | Viewed: 1/22/2025 4:18:18 PM |
| Associate AD of Academic Services | | Signed: 1/22/2025 4:18:21 PM |
| University of South Florida | Signature Adoption: Pre-selected Style | |
| Security Level: Email, Account Authentication (None) | Using IP Address: 131.247.53.36 | |
| **Electronic Record and Signature Disclosure:** Not Offered via DocuSign | | |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| Hannah Delph | COPIED | Sent: 1/22/2025 4:18:22 PM |
| delph@usf.edu | | Viewed: 1/23/2025 11:12:59 AM |
| Director of Compliance | | |
| Security Level: Email, Account Authentication (None) | | |
| **Electronic Record and Signature Disclosure:** Not Offered via DocuSign | | |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 1/22/2025 4:18:12 PM |
| Certified Delivered | Security Checked | 1/22/2025 4:18:18 PM |
| Signing Complete | Security Checked | 1/22/2025 4:18:21 PM |
| Completed | Security Checked | 1/22/2025 4:18:22 PM |

| Payment Events | Status | Timestamps |
|---|---|---|

 **Requests/Self-Reports Online**

Institution: University of South Florida          Division: I          Case ID: 1236989
Case Type: Legislative Relief Waiver             Holly McLean       Date: 01/30/2025

Page 1 - General Information

# General Information

## Institution Information

| | |
|---|---|
| Institution Information | University of South Florida |
| Division of Institution | I |
| Conference | American Athletic Conference |
| Phone Number | 813/974-2125 |
| Academic year related to this request | 2024-25 |
| Did you receive a phone waiver from NCAA staff for this request?* | No |
| Is this request coming from a NCAA Committee? * | No |
| Have you contacted AMA or your conference office regarding the specific facts for this request? | No |

## Sub Case Types

### Please check all the Legislative Relief Waiver sub-case types and conditions that apply*

Request for a Prospective Student-Athlete or Student-Athlete

**Request for a Prospective Student-Athlete or Student-Athlete Sub-Case Types**
Transfer

**Transfer Sub-Case Types**
Exigent Circumstances

## Legislation Related to this Request

| Describe the institution's request for relief.* | USF is filing a legislative relief waiver for women's golf transfer Holly McLean. McLean was cut from her previous institution's team at the conclusion of the fall 2024 semester due to the impending roster limits with the House Settlement. She competed in one golf tournament in the fall, which would preclude her from competing for USF in the spring due to bylaw 14.5.5.2. |
|---|---|

Provide cite(s) of applicable legislation or interpretation *

| Type | Division | ID | Text |
|---|---|---|---|
| Bylaw | I | 14.5.5.2 | [Competition in Year of Transfer.](#) |

Provide case numbers of any precedent relevant to this request

## *Student-Athlete Information*

| Is this request for multiple student-athletes? | No |
|---|---|
| NCAA ID* | 2201405656 |
| First Name* | Holly |
| Last Name* | McLean |
| Date of Birth* | 01/31/2005 |
| Gender* | Female |

## *Affected Sport(s) and Competition Information*

| Sport(s)* | Women's Golf |
|---|---|
| Institution's Next Date of Competition for this Sport* | 02/02/2025 |
| Institution's Next Location of Competition for this Sport* | Away |
| Date of departure* | 01/31/2025 |

## *Student-Athlete Enrollment Information*

| Date of Initial Collegiate Enrollment* | 08/01/2023 |
|---|---|

Date of Initial Enrollment at Current Institution (if different)*

Page 2 - Case Information

# *Case Information*

Provide information pertinent to this case

## *Case Information*

### *All Requests*

Describe the facts associated with this request*

The University of South Florida is submitting a legislative relief waiver request on behalf of Holly McLean, a student-athlete seeking eligibility to participate in competition during the Spring 2025 semester at the University of South Florida. Holly was previously a member of the University of Oklahoma's women's golf program, but was dismissed from the roster due to impending roster limits as part of the upcoming House settlement, rather than for any violation of team rules, conduct issues, or academic shortcomings. The dismissal was solely a result of a strategic decision made by the previous institution's coaching staff and administration to adhere to roster size constraints. Bylaw 14.5.5.2 states a transfer student from a four-year institution shall not be eligible for competition in which the student-athlete's performance could be used for NCAA championship qualification or consideration if the student-athlete participated in competition at the previous four-year institution in the same sport. After careful review of the circumstances surrounding Holly's dismissal, we believe that this situation warrants consideration for a waiver of the NCAA transfer regulations. The dismissal from the previous team was not related to any personal fault or decision of the student-athlete, nor should it negatively impact her eligibility to compete for the University of South Florida. Holly has demonstrated a strong commitment to her academic and athletic career and seeks an opportunity to continue competing at the collegiate level without penalty for a situation beyond her control. We respectfully request that the NCAA grants a waiver in this instance, allowing Holly to participate in athletics immediately upon enrollment at the University of South Florida, as the dismissal was a result of roster limitations and not at the decision of the student-athlete. Furthermore, Holly meets all additional requirements for athletic participation. She is academically eligible upon transfer and meeting progress toward degree requirements. As indicated by the tracer in the attached documents, she would have been academically eligible to compete had she remained at her previous institution. We appreciate your consideration of this waiver request and look forward to your decision. If additional information or documentation is required, please do not hesitate to contact us.

What are any relevant mitigating circumstances that should be considered when reviewing the request?*

The dismissal from the previous team was not related to any personal fault or decision of the student-athlete, nor should it negatively impact her eligibility to compete for the University of South Florida. With the impending House Settlement, roster adjustments have started across programs all over the country. This mitigating circumstance is supported by the letter in the attached documentation from her previous institution stating that she was dismissed from the team solely due to the House Settlement roster limitations.

Have you previously contacted any NCAA staff regarding this request?*

No

## *Student-Athlete Information*

*All Requests*

---

Indicate whether the individual is a prospective or enrolled student-athlete\*

Enrolled Student-Athlete

Provide the final academic and amateurism certification report (PSA Details Report)\*

[Final Certification from Eligibility Center](Final Certification from Eligibility Center)

Was the student-athlete recruited by institutions previously attended?\*

Yes

What are the names of the institutions the student-athlete previously attended and which recruited him or her?\*

University of Oklahoma

Will or has the student-athlete been offered or received athletically related financial aid?

Yes

List all collegiate institutions the student-athlete attended

| Term/Year | School Name | Division | School Type | Full/Part Time | Season Used? | Practiced? | Received Aid? |
|-----------|-------------|----------|-------------|----------------|--------------|------------|---------------|
| F 2023 | University of Oklahoma | I | 4 | F | Y | Y | Y |
| S 2024 | University of Oklahoma | I | 4 | F | Y | Y | Y |
| F 2024 | University of Oklahoma | I | 4 | F | Y | Y | Y |

Please provide a statement from student-athlete regarding the circumstances of this request.

[Statement_-_Holly_McLean_-_Signed.pdf](Statement_-_Holly_McLean_-_Signed.pdf) *(Uploaded on 01/16/2025 by Hannah Delph)*

Was the student-athlete recruited?\*

Yes

When did recruitment begin?\*

12/03/2024

*Requests Involving Transfer*

---

Provide a statement from the previous school's AD addressing: whether or not the student-athlete had the opportunity to return to the team and if not, was the opportunity removed for reasons outside of the student-athlete's control; if the student-athlete was dismissed from the team and if so, the reasons for the dismissal; whether the student-athlete was in good standing with the team at the time of departure; and the reasons why student-athlete indicated he or she was transferring.

| Letter_of_Support_-_H._McLean__Final_.pdf *(Uploaded on 01/17/2025 by Hannah Delph)* |
| --- |

Page 3 - Case Documentation

# *Case Documentation*

Upload supporting case documentation

| *(Maximum individual file size is 10MB.)* Upload each document individually. |
| --- |

## **Required Documentation**

### *Requests Involving Transfer*

### *Requests Involving Exigent Circumstances*

Provide contemporaneous and objective documentation of circumstances outside of the student-athlete's control unrelated to athletics participation that demanded the student-athlete's immediate departure from the previous institution (e.g., police report, Title IX investigation report, Office of Student Affairs investigation report). *

| Letter_of_Support_-_H._McLean__Final_.pdf *(Uploaded on 01/21/2025 by Hannah Delph)* |
| --- |

Provide documentation from
the appropriate academic
official (e.g., certifying officer)
confirming the student-athlete
is otherwise meeting all
requirements to be
academically eligible to
compete at applicant
institution. *

Academic_Statement_-_McLean_-_Signed.pdf *(Uploaded on 01/23/2025 by Hannah Delph)*

Provide a written statement
from the previous institution's
director of athletics confirming
the following: (1) The student-
athlete would have had an
opportunity to return to the
previous institution's team; (2)
The student-athlete was not
dismissed from the team for
any reason (if they were
dismissed, when did it occur):
and (3) The student-athlete
was athletically eligible and in
good standing with the team
at the time of departure. *

Letter_of_Support_-_H._McLean__Final_.pdf *(Uploaded on 01/21/2025 by Hannah Delph)*

Transfer_Portal_Tracer_-_McLean.pdf *(Uploaded on 01/21/2025 by Hannah Delph)*

## *Recommended Documentation*

### *All Requests*

Provide a written statement(s)
from any other individuals
involved in the circumstances
of this request

Provide any documentation
not previously specified that
substantiates any assertions
made in this request

Transfer_Portal_Tracer_-_McLean.pdf *(Uploaded on 01/17/2025 by Hannah Delph)*

Page 4 - Signatures

# Signatures

Upload and review any signature documents

## Select Required Signatories

> ### STOP! IF USING E-SIGN OPTION:
> - The signatory email address (in the NCAA Directory) MUST match the email address in NCAA Business Applications (e.g., Single-Source Sign On).
> - The signatory MUST have been granted access to Requests/Self-Reports Online by the on-campus Single-Source Sign On administrator in the NCAA Business Application Administrative tool.
> - If the signatories do not meet these qualifications, select UPLOAD. Do Not select e-sign unless the above criteria is met.

## Institutional Authority Outside of Athletics Department*

Signatory                    `Approved` by Julianne Serovich on 01/23/2025

## Institutional Authority Inside of Athletics Department*

Signatory                    `Approved` by Brendan Armitage on 01/23/2025

## Buckley Statement - Student-Athlete*

Signatory

> [Requests_Self-Reports_Online_-_Buckley_Statement_-_Signed.pdf](#) *(Uploaded on 01/21/2025 by Hannah Delph)*

## Download Unsigned Signature Documents

- [Institutional Authority Outside of Athletics Department](#)
- [Institutional Authority Inside of Athletics Department](#)
- [Conference Personnel](#)
- [Buckley Statement](#) *A Buckley Statement form is required for submission for all cases involving a student-athlete or prospective student-athlete.*
- *A Third Party Buckley Statement must be completed in order for a third party individual (e.g., parent, attorney) to discuss a student-athlete's case with the NCAA staff. The Third Party Buckley Statement has been placed in the General Case Information section located on the Resources tab.*

Page 5 - Case Contacts and Submission

# *Case Contacts and Submission*

Select case contacts and submit your request

## *Select Contacts for this Case*

Primary Contact                    Hannah Delph (delph@usf.edu ) Phone: 662/255-4665

Secondary Contact                  Brendan Armitage (barmitage1@usf.edu ) Phone: 813-974-6885

## *Additional Case Contacts*

Additional contacts with a valid email address from the conference or member institution will receive selected e-mails related to the case.

| Email Delivery | First Name | Last Name | Title | E-mail Address | |
|---|---|---|---|---|---|

## *Terms and Conditions*

### Disclaimer Terms and Conditions

By submitting information related to this request, I affirm that I have read and understand the application of NCAA Bylaw 10.1 and the information provided is accurate and complete to the best of my knowledge.

Agreement by Hannah Delph on 01/21/2025

# Activity After Case Submission

## *Responses to Requests for Additional Information*

Hi! I wanted to ask a clarifying question. Based on the statement from Oklahoma, the coach notified student-athletes that would not have a roster spot for 2025-26. If Holly had stayed at Oklahoma this semester, would she still be on the WGO roster for 2024-25, or did this notification in Dec. 2024 result in her being cut from the team effective immediately? Thanks--Matisen!

Letter_of_Support_-_H._McLean__updated__1.29.25.pdf *(Uploaded on 01/29/2025 by Hannah Delph)*

## Notification of Transfer - (University of Oklahoma)

Student NCAA ID:
2201405656

Student First Name:
HOLLY

Student Last Name:
MCLEAN

❓ Student Email: ()
hollymclean1@icloud.com

❓ Student wishes to be contacted by other institutions: ()
Yes   No

Is the student transferring to be a graduate student?
Yes   No

Is the student receiving athletically related financial aid during the academic year?
Yes   No

❓ Was the student recruited at your institution? ()
Yes   No

Is aid being cancelled due to entering the transfer portal?
Yes   No   Pending   Not Applicable

❓ Has the student-athlete ever attended another four-year institution full-time? ()
Yes   No

❓ What date did the student request notification of transfer (Division I / Division II) or permission to contact (Division III)? ()
12/01/2024

Did the student meet an exception to enter the transfer portal outside of their sport specific window(s)? (Only applies to DI sports)
Yes   No   Not Applicable

❓ Sport(s): ()
Women's Golf

Comments:

Date Initiated:
12/02/2024 11:25 AM

Signed
Signed Date: 12/23/2024
University of South Florida
Sport: Women's Golf
Signed Status Date: 12/23/2024 7:25 PM
Full Time Term/Year: Spring 2024-25

❓ Matriculated: ()
01/14/2025 3:16 PM
University of South Florida
Enrolled full time: Y
Receiving athletic aid: Y
Full-Time Term/Year: Spring 2025

## General Information

Did the student-athlete *only* attend a summer term or participate in preseason
Yes   No

1/4

practice prior to initial full-time enrollment?

❓ Initial Full-Time Enrollment: ()

| Any institution: | Fall Semester | 2023-24 |
| This institution: | Fall Semester | 2023-24 |

Full-time Terms currently in progress:

| 1 | ⌄ |

Full-time Terms Completed:

| 2 | ⌄ |

❓ Does the student-athlete qualify for an academic year extension? ()

Yes    **No**    Not Applicable

❓ Did the student-athlete previously transfer from another collegiate institution? ()

Yes    **No**

Was a transfer exception used?

Yes    **No**

NLI Status:

### Signed National Letter of Intent (NLI)

| Signing Date | Status | Institution | Release Status (if any) |
|---|---|---|---|
| 11/09/2022 | VALID | University of Oklahoma | |

## Eligibility

Eligibility Center Academic Certification:

| | Div I | Div I Waiver | Div II | Div II Waiver |
|---|---|---|---|---|
| | Old Model (Int'l Only)<br>Final Qualifier | Old Model (Int'l Only) | Old Model (Int'l Only)<br>Final Qualifier | Old Model (Int'l Only) |
| | New Model (Int'l Only)<br>Decision not yet available | New Model (Int'l Only) | New Model (Int'l Only)<br>Decision not yet available | New Model (Int'l Only) |

Eligibility Center Amateurism Certification:

| Division I | Division II | Sport |
|---|---|---|
| Final: Certified | Final: Certified | Women's Golf |

Self-Reported EC Grad Date:    06/01/2023

❓ International Student: ()    Yes

Is the student-athlete currently in good academic standing?

**Yes**    No    N/A

❓ Is the student-athlete meeting all progress-toward-degree requirements? ()

**Yes**    No    In Progress    N/A

The student has met their 24-hour rule prior to Fall 2024, and met the 6-hour rule during Fall 2024.

When does your institution's term end?

mm/dd/yyyy

❓ Would the student-athlete be academically eligible if remaining at the institution? ()

**Yes**    No    In Progress

Is the student-athlete's athletics aid renewed for the following academic year?

Yes    **No**    To be determined    Not on Aid

2/4

Has the student-athlete been disqualified or suspended from the institution (as opposed to one of the institution's teams) for disciplinary reasons (as opposed to academic reasons)? — Yes  Unsure

Has the student-athlete's sport been discontinued (or publicly announced it will be dropped)? — Yes  No

Are there any eligibility issues not shown in the transfer tracer that require the institution's compliance office to be contacted? — Yes  No

## Graduate Student

Has the student-athlete graduated from the current institution? — Yes  No

Expected graduation date if student-athlete has not graduated? — mm/dd/yyyy

Would the student-athlete have been athletically eligible to return had the student-athlete remained at the institution? — Yes  No

## Participation

Has the student-athlete participated in intercollegiate athletics (practiced and/or competed) beyond a 14 consecutive-day tryout period?

Yes  No

❓ Is the student-athlete eligible for the COVID-19 season of competition waiver? ()

Yes  No  Not Applicable

Did the student-athlete have an NCAA waiver approved?

Yes  No  Pending

Participation Comments

Sports Participation ❓ ()

| Type ↕ | Institution ↕ | Sport ↕ | Term(s) ↕ | Academic Year ↕ | Practice? ↕ | Season Used? ↕ | Hardship Waiver? ↕ | Received Athletic Aid? ↕ |
|--------|---------------|---------|-----------|-----------------|-------------|----------------|--------------------|--------------------------|
| Current | University of Oklahoma | Women's Golf | Fall and Spring Semesters | 2023-24 | ☑ | ☑ | ☐ null | ☑ |
| Current | University of Oklahoma | Women's Golf | Fall Semester | 2024-25 | ☑ | ☑ | ☐ null | |

## DI/DII Transfer Summary

### HOLLY MCLEAN  NCAA ID: 2201405656 (2024-25) - (University of Oklahoma)

INSTITUTION COMPLETING THE TRANSFER TRACER CONFIRMS THE FOLLOWING UNDERGRADUATE REQUIREMENTS FOR IMMEDIATE ELIGIBILITY:

Is the student-athlete currently in good academic standing? — Yes  No  N/A

Would the student-athlete be academically eligible if remaining at the institution?

Yes    No    In Progress

Has the student-athlete been disqualified or suspended from the institution (as opposed to one of the institution's teams) for disciplinary reasons (as opposed to academic reasons)?

Yes    No    Unsure

**PLEASE NOTE**: The student-athlete must also meet progress toward degree requirements at the new institution before competing.

Complete

Transfer tracer is complete as of 01/14/2025.

# EXHIBIT C

Hannah Delph
University of South Florida Athletics
4204 E. Fowler Ave., ATH 100
Tampa, FL 33620

RE:  Holly McLean – Former Women's Golf Student-Athlete / University of Oklahoma

Dear Hannah -

Holly McLean (Holly) was a member of the Women's Golf (WGO) program at the University of Oklahoma (Oklahoma) beginning Fall 2023 through the conclusion of Fall 2024.  As Oklahoma internally prepares for the implementation of roster caps in the 2025-2026 academic year (because of the House settlement), our head women's golf coach, with the support of administration, opted to make those student athletes on her roster for whom she would not have a spot in the next academic year aware of the same.  It was thought that alerting the student athletes prior to WGO's December transfer portal window would allow the involved athletes more opportunities to find a new institution.

On November 20, 2024, the Head Women's Golf coach met with Holly and communicated that, due to the House lawsuit roster size restriction for women's golf, Holly would not have a roster spot for the 2025-2026 academic year.  Following that meeting, Holly's parents contacted administration for additional details.  A Zoom meeting between administration and Holly's parents was conducted on or about November 26th to review Holly's options.

Though Holly was not immediately cut from the roster, she was informed after the 2024-2025 academic year she would not have a roster position following the implementation of the House roster cap. Given the current landscape, and with Holly's best interest in mind, Oklahoma/WGO decided it was best to communicate the decision prior to the Fall transfer window to give Holly (and all similarly affected student-athletes at Oklahoma) the best option to transfer and find a new institution for which to play. Oklahoma asserts that even though allowing a student athlete to transfer immediately negatively impacts the competitiveness of the current team, our stance in this instance is in the best interest of the student athlete.

Although Holly participated in the Fall non-championship segment, the University of Oklahoma understands that her decision to transfer was not under her control and is in full support of her being granted immediate eligibility for the Spring 2025 semester.  If any additional information is needed, we will be happy to provide it.


Sincerely,


Jason Leonard
Executive Director of Athletics Compliance
University of Oklahoma

| | |
|---|---|
| **From:** | Kowal, Danielle A. |
| **To:** | Hannah Delph |
| **Subject:** | Re: Holly McLean - Letter of Support |
| **Date:** | Wednesday, January 29, 2025 4:47:57 PM |
| **Attachments:** | Letter of Support - H. McLean (updated).pdf |

Hi Hannah!

I had to leave the office to pick up a sick kiddo - so I wasn't able to scan this on to our letterhead. Wanted to get this to you today and I can send the pretty one tomorrow! Please let me know if there are any follow-up questions that we can help with!

**Danielle Kowal**
Director of Compliance - Financial Aid
University of Oklahoma | Department of Athletics
daniellekowal@ou.edu
w: 405.325.5210 | c: 702.417.7172
She/Her/Hers

This e-mail, which includes any files transmitted with it, contains confidential information from the University of Oklahoma Athletics Compliance Office, and is intended solely for the use of the individual or entity to whom it is addressed. If you are not the intended recipient or the person responsible for delivering this e-mail to the intended recipient, be advised that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender immediately by a "reply to sender only" message and destroy all electronic and hard copies of this e-mail and any attached files.

**From:** Hannah Delph <delph@usf.edu>
**Sent:** Wednesday, January 29, 2025 9:40 AM
**To:** Kowal, Danielle A. <daniellekowal@ou.edu>
**Subject:** RE: Holly McLean - Letter of Support

Thank you so much. Again I'm so sorry for being so annoying when you have all of your other beginning of semester items to attend to!! I really appreciate you!!

Hannah

**HANNAH DELPH**
Assistant Athletic Director of Compliance
University of South Florida Athletics
O: (813) 974-5040 | delph@usf.edu

**From:** Kowal, Danielle A. <daniellekowal@ou.edu>
**Sent:** Wednesday, January 29, 2025 10:12 AM
**To:** Hannah Delph <delph@usf.edu>
**Subject:** Re: Holly McLean - Letter of Support

Hi Hannah!

Jason wanted us to draft a new statement so he will review it this morning and we'll get it to you today!

Get Outlook for iOS

**From:** Hannah Delph <delph@usf.edu>
**Sent:** Wednesday, January 29, 2025 9:10:11 AM
**To:** Kowal, Danielle A. <daniellekowal@ou.edu>
**Subject:** RE: Holly McLean - Letter of Support

Hi Danielle,

Sorry to be so aggressively annoying about the question below. Holly's case manager said they would be able to review her waiver tomorrow if they have this information and we are hoping to get an answer before their first tournament this weekend. Thank you again for all of your help and support through this.

Hannah

**HANNAH DELPH**
Assistant Athletic Director of Compliance
University of South Florida Athletics
O: (813) 974-5040 | delph@usf.edu

**From:** Hannah Delph <delph@usf.edu>
**Sent:** Monday, January 27, 2025 1:50 PM
**To:** Kowal, Danielle A. <daniellekowal@ou.edu>
**Subject:** Re: Holly McLean - Letter of Support

Hi Danielle,

Hope you're having a great day! Below is a request for additional information I received from our NCAA case manager! Any additional insight or information would be greatly appreciated!

Hi! I wanted to ask a clarifying question. Based on the statement from Oklahoma, the coach notified student-athletes that would not have a roster spot for 2025-26. If Holly had stayed at Oklahoma this semester, would she still be on the WGO roster for 2024-25, or did this notification in Dec. 2024 result in her being cut from the team effective immediately?

Thank you for your help!!

Hannah

Get Outlook for iOS

**From:** Kowal, Danielle A. <daniellekowal@ou.edu>
**Sent:** Friday, January 17, 2025 10:38:08 AM
**To:** Hannah Delph <delph@usf.edu>
**Subject:** Re: Holly McLean - Letter of Support

Hi Hannah!

Please see attached. Let me know if this works for you all

Danielle Kowal
Director of Compliance - Financial Aid
University of Oklahoma | Department of Athletics
daniellekowal@ou.edu
w: 405.325.5210 | c: 702.417.7172
She/Her/Hers

This e-mail, which includes any files transmitted with it, contains confidential information from the University of Oklahoma Athletics Compliance Office, and is intended solely for the use of the individual or entity to whom it is addressed.  If you are not the intended recipient or the person responsible for delivering this e-mail to the intended recipient, be advised that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited.  If you have received this e-mail in error, please notify the sender immediately by a "reply to sender only" message and destroy all electronic and hard copies of this e-mail and any attached files.

**From:** Hannah Delph <delph@usf.edu>
**Sent:** Thursday, January 16, 2025 1:55 PM
**To:** Kowal, Danielle A. <daniellekowal@ou.edu>
**Subject:** RE: Holly McLean - Letter of Support

Hi Danielle,

Sorry to be the annoying little fruit fly that will never go away! I have Holly's waiver drafted and just need your statement. Thank you again for all of the support for this! I know it's a crazy time of year!! Appreciate you!! Hopefully one day I can return the favor!!

Hannah

**HANNAH DELPH**
Assistant Athletic Director of Compliance
University of South Florida Athletics
O: (813) 974-5040 | delph@usf.edu

**From:** Kowal, Danielle A. <daniellekowal@ou.edu>
**Sent:** Friday, January 10, 2025 11:13 AM
**To:** Hannah Delph <delph@usf.edu>
**Cc:** Slizoski, Samantha <sslizoski@ou.edu>
**Subject:** Re: Holly McLean - Letter of Support

Hi Hannah!

I've copied the women's golf academic advisor here. She will be able to keep you posted on the final grade and will also be able to assist with the transcript from Rose State and what that process looks like.

I have the letter drafted and we are reviewing it internally, I'll have a copy to you on Monday

Let me know if you need anything else and Sam, please let me know if you need my help with anything!

Best,

Danielle Kowal
Director of Compliance - Financial Aid
University of Oklahoma | Department of Athletics
daniellekowal@ou.edu
w: 405.325.5210 | c: 702.417.7172
She/Her/Hers

This e-mail, which includes any files transmitted with it, contains confidential information from the University of Oklahoma Athletics Compliance Office, and is intended solely for the use of the individual or entity to whom it is addressed. If you are not the intended recipient or the person responsible for delivering this e-mail to the intended recipient, be advised that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender immediately by a "reply to sender only" message and destroy all electronic and hard copies of this e-mail and any attached files.

**From:** Hannah Delph <delph@usf.edu>
**Sent:** Friday, January 10, 2025 6:48 AM
**To:** Kowal, Danielle A. <daniellekowal@ou.edu>
**Subject:** RE: Holly McLean - Letter of Support

Hi Danielle,

Thanks for chatting the other day. Like I mentioned, no rush on the letter of support. We did get Holly admitted on Wednesday. Is there anyway you could connect me with the academic staff to see when her professor is going to post her grade for the class she finished last Friday? Our admissions department is needing her final transcript with all fall grades. She has indicated that the professor hasn't posted her final grade. Also, if you have any insight on how we can obtain her transcript from Rose State, I'd greatly appreciate it. I know we have had issues in the past with transfers from Oklahoma being able to obtain this transcript, but our admissions

department is not budging and needing that one as well. I really appreciate all of your help with this! I know you are swamped with beginning of the semester items and trying to help someone that is no longer attending your institution adds a lot! Appreciate you and hope you have a great day!

Hannah

**HANNAH DELPH**
Assistant Athletic Director of Compliance
University of South Florida Athletics
O: (813) 974-5040 | delph@usf.edu

---

**From:** Kowal, Danielle A. <daniellekowal@ou.edu>
**Sent:** Tuesday, January 7, 2025 10:39 AM
**To:** Hannah Delph <delph@usf.edu>
**Subject:** Re: Holly McLean - Letter of Support

> You don't often get email from daniellekowal@ou.edu. Learn why this is important

Hi Hannah!

My cell is probably the best way to reach me as I will be in and out of meetings most of the day. It is 702-417-7172. If you're available at 2:30, I can do then!

Danielle Kowal
Director of Compliance - Financial Aid
University of Oklahoma | Department of Athletics
daniellekowal@ou.edu
w: 405.325.5210 | c: 702.417.7172
She/Her/Hers

This e-mail, which includes any files transmitted with it, contains confidential information from the University of Oklahoma Athletics Compliance Office, and is intended solely for the use of the individual or entity to whom it is addressed.  If you are not the intended recipient or the person responsible for delivering this e-mail to the intended recipient, be advised that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited.  If you have received this e-mail in error, please notify the sender immediately by a "reply to sender only" message and destroy all electronic and hard copies of this e-mail and any attached files.

---

**From:** Hannah Delph <delph@usf.edu>
**Sent:** Monday, January 6, 2025 4:08 PM
**To:** Kowal, Danielle A. <daniellekowal@ou.edu>
**Subject:** RE: Holly McLean - Letter of Support

Hi Danielle,

Thanks for reaching out! My schedule is pretty open tomorrow. I just have a meeting from 3-4:30 p.m. Let me know a time and number that works best for you and I'll give you a call.

Happy New Year and hope you were able to get some rest during the holidays!

Hannah

**HANNAH DELPH**
Assistant Athletic Director of Compliance
University of South Florida Athletics
O: (813) 974-5040 | delph@usf.edu

---

**From:** Kowal, Danielle A. <daniellekowal@ou.edu>
**Sent:** Monday, January 6, 2025 12:05 PM
**To:** Hannah Delph <delph@usf.edu>
**Subject:** Holly McLean - Letter of Support

Hi Hannah,

Happy New Year! I'm reaching out regarding a letter of support for Holly, an incoming women's golf student-athlete for you all. We are happy to provide whatever we can to assist but wanted to make sure we are aligned with your approach to the waiver. Please let me know if you have time to hop on a call tomorrow to discuss!

Best,

Danielle Kowal
Director of Compliance - Financial Aid
University of Oklahoma | Department of Athletics
daniellekowal@ou.edu
w: 405.325.5210 | c: 702.417.7172
She/Her/Hers

This e-mail, which includes any files transmitted with it, contains confidential information from the University of Oklahoma Athletics Compliance Office, and is intended solely for the use of the individual or entity to whom it is addressed. If you are not the intended recipient or the person responsible for delivering this e-mail to the intended recipient, be advised that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender immediately by a "reply to sender only" message and destroy all electronic and hard copies of this e-mail and any attached files.

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and

know the content is safe.

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

# EXHIBIT D

Docusign Envelope ID: 87516658-C74B-46B7-9E8F-C019RB397EBE

Being accepted to college in the U.S. was a dream come true for me. When I received my acceptance to the University of Oklahoma to further my education and participate in the women's golf program, I felt like a whole new chapter of my life was just beginning. As an international student, the opportunity to study in the U.S. means so much more than just gaining an education; it represents the chance to build a better future for myself and my family. The U.S. is known for its world-class institutions and the diverse opportunities they provide, and I truly believe this is the best place for me to grow academically, professionally, personally, and athletically.

When I first enrolled at the University of Oklahoma, I was beyond excited. I had dreams of competing at the highest level, representing the our women's golf program in a strong light, and growing both as an athlete and as a person over the next four years. I pictured myself dedicating countless hours to training, pushing my limits, and forming lasting bonds with my teammates. I envisioned myself competing at the highest level every season, fully immersed in the experience and making memories that would last a lifetime.

Oklahoma felt like it could be my home—where I could balance academics and athletics, challenge myself, and grow. I worked tirelessly to get here, knowing that I had the potential to make an impact and contribute to the team's success. As mentioned previously, I am an international student and my family has made so many sacrifices for me to be here. They have supported me from afar, and I was determined to make the most of this opportunity because it is a chance to dream big, break boundaries, and build a path for success that would have been impossible back home.

However, last semester, it felt like that dream was slipping away. It's hard to put into words how devastated I feel after being cut from the women's golf program at the University of Oklahoma for circumstances outside of my control. I was told that due to the impending House Settlement and roster limitations, the University of Oklahoma was beginning to preemptively dismiss student-athletes from their teams in preparation for changes later this year. Unfortunately, I was one of those casualties. Being an athlete has been my identity for so long; it's what I've worked for, what I've sacrificed for, and it's where I found my sense of belonging. To have that taken away is incredibly painful. What I thought would be a place for me to thrive and pursue everything I've worked for is now changing in ways I never expected.

My only option upon being removed from the women's golf program was to transfer so I could afford to continue my education. I am aware that NCAA rules typically do not permit competition in the year of transfer if a student-athlete has competed during the academic year. However, I only competed in one tournament during the fall 2024 semester, with the intention of continuing to represent the University of Oklahoma in the spring 2025 semester.

I am thankful for the support I have received from the University of South Florida and Coach Newell. I believe I can strive here academically and athletically. Although this is not how I envisioned my collegiate career, I am hopeful that I will be able to represent the University of South Florida in competition this spring. Thank you for your consideration of my circumstances.


Sincerely,

Holly McLean

Signed by:

*Holly McLean*

93F2790CDD444B6...

**docusign**

## Certificate Of Completion

Envelope Id: 87516658-C74B-46B7-9E9F-C019BB397EBF    Status: Completed
Subject: Complete with Docusign: Statement - Holly McLean.pdf
Source Envelope:
Document Pages: 1                    Signatures: 1                    Envelope Originator:
Certificate Pages: 4                 Initials: 0                     Hannah Delph
AutoNav: Enabled                                                     4202 E Fowler Ave
EnvelopeId Stamping: Enabled                                         Tampa, FL  33620
Time Zone: (UTC-05:00) Eastern Time (US & Canada)                    delph@usf.edu
                                                                     IP Address: 68.202.85.216

## Record Tracking

Status: Original                     Holder: Hannah Delph            Location: DocuSign
        1/16/2025 2:52:25 PM                 delph@usf.edu

| Signer Events | Signature | Timestamp |
|---|---|---|
| Holly McLean<br>hollymclean1@icloud.com<br>Security Level: Email, Account Authentication<br>(None) | Signed by:<br>*Holly McLean*<br>93F2790C0D444B6... | Sent: 1/16/2025 2:53:03 PM<br>Viewed: 1/16/2025 2:58:57 PM<br>Signed: 1/16/2025 3:01:22 PM |
| | Signature Adoption: Pre-selected Style<br>Using IP Address: 107.115.159.64<br>Signed using mobile | |
| **Electronic Record and Signature Disclosure:**<br>   Accepted: 1/16/2025 2:58:57 PM<br>   ID: 54908f87-fede-4016-9a29-af7143e4e3cf | | |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 1/16/2025 2:53:03 PM |
| Certified Delivered | Security Checked | 1/16/2025 2:58:57 PM |
| Signing Complete | Security Checked | 1/16/2025 3:01:22 PM |
| Completed | Security Checked | 1/16/2025 3:01:22 PM |

| Payment Events | Status | Timestamps |
|---|---|---|

**Electronic Record and Signature Disclosure**

Electronic Record and Signature Disclosure created on 5/23/2018 12:06:33 PM
Parties agreed to: Holly McLean

## ELECTRONIC RECORD AND SIGNATURE DISCLOSURE

From time to time, University of South Florida (we, us or Company) may be required by law to provide to you certain written notices or disclosures. Described below are the terms and conditions for providing to you such notices and disclosures electronically through your DocuSign, Inc. (DocuSign) Express user account. Please read the information below carefully and thoroughly, and if you can access this information electronically to your satisfaction and agree to these terms and conditions, please confirm your agreement by clicking the 'I agree' button at the bottom of this document.

**Getting paper copies**

At any time, you may request from us a paper copy of any record provided or made available electronically to you by us. For such copies, as long as you are an authorized user of the DocuSign system you will have the ability to download and print any documents we send to you through your DocuSign user account for a limited period of time (usually 30 days) after such documents are first sent to you. After such time, if you wish for us to send you paper copies of any such documents from our office to you, you will be charged a $0.00 per-page fee. You may request delivery of such paper copies from us by following the procedure described below.

**Withdrawing your consent**

If you decide to receive notices and disclosures from us electronically, you may at any time change your mind and tell us that thereafter you want to receive required notices and disclosures only in paper format. How you must inform us of your decision to receive future notices and disclosure in paper format and withdraw your consent to receive notices and disclosures electronically is described below.

**Consequences of changing your mind**

If you elect to receive required notices and disclosures only in paper format, it will slow the speed at which we can complete certain steps in transactions with you and delivering services to you because we will need first to send the required notices or disclosures to you in paper format, and then wait until we receive back from you your acknowledgment of your receipt of such paper notices or disclosures. To indicate to us that you are changing your mind, you must withdraw your consent using the DocuSign 'Withdraw Consent' form on the signing page of your DocuSign account. This will indicate to us that you have withdrawn your consent to receive required notices and disclosures electronically from us and you will no longer be able to use your DocuSign Express user account to receive required notices and consents electronically from us or to sign electronically documents from us.

**All notices and disclosures will be sent to you electronically**

Unless you tell us otherwise in accordance with the procedures described herein, we will provide electronically to you through your DocuSign user account all required notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to you during the course of our relationship with you. To reduce the chance of you inadvertently not receiving any notice or disclosure, we prefer to provide all of the required notices and disclosures to you by the same method and to the same address that you have given us. Thus, you can receive all the disclosures and notices electronically or in paper format through the paper mail delivery system. If you do not agree with this process, please let us know as described below. Please also see the paragraph immediately above that describes the consequences of your electing not to receive delivery of the notices and disclosures electronically from us.

**How to contact University of South Florida:**
You may contact us to let us know of your changes as to how we may contact you electronically, to request paper copies of certain information from us, and to withdraw your prior consent to receive notices and disclosures electronically as follows:
 To contact us by email send messages to: epierce@usf.edu


**To advise University of South Florida of your new e-mail address**
To let us know of a change in your e-mail address where we should send notices and disclosures electronically to you, you must send an email message to us at epierce@usf.edu and in the body of such request you must state: your previous e-mail address, your new e-mail address.  We do not require any other information from you to change your email address..
In addition, you must notify DocuSign, Inc to arrange for your new email address to be reflected in your DocuSign account by following the process for changing e-mail in DocuSign.

**To request paper copies from University of South Florida**
To request delivery from us of paper copies of the notices and disclosures previously provided by us to you electronically, you must send us an e-mail to epierce@usf.edu and in the body of such request you must state your e-mail address, full name, US Postal address, and telephone number. We will bill you for any fees at that time, if any.

**To withdraw your consent with University of South Florida**
To inform us that you no longer want to receive future notices and disclosures in electronic format you may:

> i. decline to sign a document from within your DocuSign account, and on the subsequent page, select the check-box indicating you wish to withdraw your consent, or you may;
> ii. send us an e-mail to epierce@usf.edu and in the body of such request you must state your e-mail, full name, IS Postal Address, telephone number, and account number. We do not need any other information from you to withdraw consent.. The consequences of your withdrawing consent for online documents will be that transactions may take a longer time to process..


**Required hardware and software**

| Operating Systems: | Windows2000? or WindowsXP? |
|---|---|
| Browsers (for SENDERS): | Internet Explorer 6.0? or above |
| Browsers (for SIGNERS): | Internet Explorer 6.0?, Mozilla FireFox 1.0, NetScape 7.2 (or above) |
| Email: | Access to a valid email account |
| Screen Resolution: | 800 x 600 minimum |
| Enabled Security Settings: | •Allow per session cookies  •Users accessing the internet behind a Proxy Server must enable HTTP 1.1 settings via proxy connection |

** These minimum requirements are subject to change. If these requirements change, we will provide you with an email message at the email address we have on file for you at that time providing you with the revised hardware and software requirements, at which time you will have the right to withdraw your consent.

**Acknowledging your access and consent to receive materials electronically**
To confirm to us that you can access this information electronically, which will be similar to other electronic notices and disclosures that we will provide to you, please verify that you were able to read this electronic disclosure and that you also were able to print on paper or electronically save this page for your future reference and access or that you were able to e-mail this disclosure and consent to an address where you will be able to print on paper or save it for your future reference and access. Further, if you consent to receiving notices and disclosures exclusively in electronic format on the terms and conditions described above, please let us know by clicking the 'I agree' button below.
By checking the 'I Agree' box, I confirm that:

- I can access and read this Electronic CONSENT TO ELECTRONIC RECEIPT OF ELECTRONIC RECORD AND SIGNATURE DISCLOSURES document; and

- I can print on paper the disclosure or save or send the disclosure to a place where I can print it, for future reference and access; and

- Until or unless I notify University of South Florida as described above, I consent to receive from exclusively through electronic means all notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to me by  University of South Florida during the course of my relationship with you.